# United States Court of Appeals for the Federal Circuit

---

**RAMONA GILL HERRING,**
*Petitioner*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2013-3170

---

Petition for review of the Merit Systems Protection Board in No. DC844E120778-I-1.

---

Decided: February 18, 2015

---

MATHEW B. TULLY, Tully Rinckey PLLC, Washington, DC, argued for petitioner. Also represented by STEVEN L. HERRICK.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by BRYAN G. POLISUK.

---

Before REYNA, WALLACH, and TARANTO, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* WALLACH.

Dissenting opinion filed by *Circuit Judge* REYNA.

WALLACH, *Circuit Judge.*

Petitioner Ramona Gill Herring ("Petitioner") appeals a Final Order of the Merit Systems Protection Board ("MSPB" or "Board"), dismissing her appeal as untimely filed without good cause. Because, under the circumstances of this case, the MSPB abused its discretion in determining Ms. Herring had not demonstrated good cause for the untimely filing of her appeal, this court reverses.

BACKGROUND

In March 2010, Ms. Herring was removed from her position as a cytotechnologist with the Department of the Navy. After her removal, she filed an application for disability retirement benefits with the Office of Personnel Management ("OPM"), which was denied. Ms. Herring received the relevant OPM denial letter on July 14, 2012. Under the applicable regulations, the due date to file an appeal of the OPM denial was August 13, 2012. However, because her attorney's law office negligently failed to transmit to her attorney the documents submitted by Ms. Herring (while confirming to Ms. Herring that the necessary documents and payment had been received),[1] Ms.

---

[1] According to Petitioner's Brief:

> This proposed contract [between Ms. Herring and her attorney] was transmitted by administrative support staff located in the Firm's Washington, DC office and incorrectly directed Petitioner to return the signed agreement to the Washington, DC office rather than the Arlington, VA office

Herring did not file the appeal until August 23, 2012. Thereafter, an administrative judge dismissed the appeal as untimely filed, and the MSPB affirmed. Ms. Herring timely appealed. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

It is undisputed that Ms. Herring's appeal was filed ten days late. "If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed *unless a good reason for the delay is shown*." 5 C.F.R. § 1201.22 (2012) (emphasis added). Consistent with this regulation, the MSPB acknowledges waivers may be granted "after considering all of the facts and circumstances of a particular case." *Herring v. Office of Pers. Mgmt.*, No. DC-844E-12-0778-I-1, at 3 (M.S.P.B. July 1, 2013) (Resp't's App. 1–6) ("Final Order").

The decision to waive the time limit to appeal to the Board is committed to the discretion of the Board, and is reversed only for abuse of that discretion. *See Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992)

---

> where the consulting attorney was located. . . . Subsequently, on that same day[, August 7, 2012], Petitioner spoke with personnel in the Firm's Albany, NY office and communicated that she had mailed documentation to the Washington DC office . . . .

Pet'r's Br. 7. She "confirm[ed] that payment had been received." *Id.* at 13. "Subsequently, the Petitioner was notified of the firm's receipt on August 8, 2012, of the FedEx package" containing the documentation. *Id.* at 14.

(en banc) ("Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board."); *see also U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 6–7 (2001); *Hines v. Merit Sys. Prot. Bd.*, 163 F. App'x 913, 914 (Fed. Cir. 2006). The issue is therefore whether the MSPB abused its discretion in finding Ms. Herring failed to show good cause for the delay.

MSPB regulations do not provide criteria for determining when good cause has been shown for waiving the time limitation with respect to the filing of an appeal. *See* 5 C.F.R. § 1201.12; *id.* § 1201.22(c). Case law, however, provides nonexclusive criteria that may be considered. These include:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Alonzo v. Dep't of the Air Force*, 4 M.S.P.R. 180, 184 (1980) (footnotes omitted); *see also Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) ("We previously have recognized the efficacy of the *Alonzo* factors in good cause determinations by the Board."); *Smith v. Dep't of the Army*, 105 M.S.P.R. 433, 433 (2007) (listing similar factors).

In its Final Order, the Board cited *Alonzo* and *Smith* and mentioned several of their factors, but did not systematically apply those factors to Ms. Herring's case. *See*

Final Order 3–5. Indeed, most of the factors were not discussed at all. *See id.* The Board did, however, address several of these factors in its brief before this court.

I. Circumstances Beyond a Party's Control

In addressing one of these criteria, the MSPB in its brief asserts "Ms. Herring did not present any evidence to the Board that there were circumstances beyond her control." Resp't's Br. 18. Ms. Herring had, however, executed a power of attorney authorizing agents of the federal government to "fully communicate with" her designated attorneys with respect to "any and all information . . . deemed necessary" to her appeal. Resp't's App. 67. In addition, although OPM determined Ms. Herring had not proven a disability, the agency acknowledged "the evidence [Ms. Herring] submitted shows that [she has] medical conditions." *Id.* at 69. Among Ms. Herring's claimed conditions were "[d]epression/[a]nxiety" and "[f]atigue." *Id.* at 68. These circumstances are relevant when considering the reasonableness of Ms. Herring's actions or inactions. *See, e.g., Malloy v. U.S. Postal Serv.*, 578 F.3d 1351, 1357 (Fed. Cir. 2009) ("It is established that mental impairment, when present, warrants consideration and weight in assessing the reasonableness of the action taken.").

The MSPB acknowledges Ms. Herring's assertions that she contacted counsel substantially in advance of the deadline, submitted the required payment for legal services on August 7, 2012, and followed up by telephone on August 7 to ensure that payment and documentation had been received. Resp't's Br. 11; Pet'r's Br. 7, 13–14. The unusual facts of this case show Ms. Herring had done *everything* that could reasonably be expected of her and the failure to timely file was due to circumstances beyond her control. "The appellant need not show an utter impossibility, but only that the delay was excusable in light of the particular facts and attending circumstances where

diligence or ordinary prudence has been exercised." *Anderson v. Dep't of Justice*, 999 F.2d 532, 534 (Fed. Cir. 1993) (quoting *Alonzo*, 4 M.S.P.R. at 184); *see also Lamb v. U.S. Postal Serv.*, 68 M.S.P.R. 500, 502 (1995) ("To establish good cause for an untimely filing, a party must show that she exercised diligence or ordinary prudence under the particular circumstances of the case.").

In arguing there were no circumstances beyond Ms. Herring's control, the MSPB states Ms. Herring could have "contacted her attorney between August 8, 2012, and August 13, 2012," or "personally filed her appeal." Resp't's Br. 19. It is true it is a party's "duty to monitor the progress of the appeal at all times." *Soleto v. Dep't of Agric.*, 58 M.S.P.R. 253, 256 n.2 (1993). However, under the circumstances of this case, where the petitioner had relevant physical and psychological conditions, executed a power of attorney in favor of her legal representatives, completed all of the steps requested by counsel, and followed up by telephone a few days prior to the filing deadline, the duty to monitor did not require the petitioner to make additional telephone calls to counsel, within the short period prior to the deadline, in the absence of any indication whatsoever that additional steps were necessary. The MSPB acknowledges Ms. Herring's claim that she was reassured, just a few days before the filing deadline, that the appeal would be timely filed. *See* Resp't's Br. 11. These circumstances, taken together, indicate the actions and inactions of Ms. Herring's law firm "were misleading and deceptive in effect" and "'misled and lulled'" Ms. Herring "'into believing th[e] case was proceeding smoothly.'" *Crawford v. Dep't of State*, 60 M.S.P.R. 441, 446 (1994) (quoting *Dabbs v. Dep't of Veterans Affairs*, 56 M.S.P.R. 57, 60 (1992)).

For similar reasons, although a party could personally file an appeal, it is not reasonable to expect a party to do so under the circumstances of this case. In *Crawford*, the MSPB found the appellant had established good cause for

a filing made twenty-three days late notwithstanding that repeated phone calls made by the appellant to her attorney had not been returned. 60 M.S.P.R. at 445. In *Soleto*, the MSPB found important "the fact that the petition was returned to [the appellant]" which "should have put him on notice that some additional action was necessary." 58 M.S.P.R. at 256. In *Dabbs*, the MSPB found good cause, 56 M.S.P.R. at 60, even though "counsel's apparent nonchalance regarding [the filing deadline]" could have indicated to the appellant the need to "file[] the petition himself," *id.* at 61 (Levinson, dissenting). Unlike these cases where the returned petition, failure to return phone calls, or an attorney's nonchalance might have alerted the claimant to the attorney's negligence and suggested a need for personal filing, Ms. Herring's interactions with her attorney provided no indication that additional action on her part was needed. *See* Pet'r's App. 38.

## II. Negligence and Delay

The MSPB asserts the well-settled rule that "a petitioner is responsible for the errors of her chosen representative." Resp't's Br. 19; *see also Green v. Merit Sys. Prot. Bd.*, 232 F.3d 912, 2000 WL 369683, at *1 (Fed. Cir. 2000) (unpublished) ("Citing precedent, the Board noted that . . . the errors and omissions of one's attorney do not prove good cause for delay unless the attorney has thwarted a petitioner's diligent efforts to pursue an appeal."). However, the cases cited by the MSPB in support of this proposition involve either greater negligence or delay (or both) than the case at bar. *Green*, for example, involved a delay of more than two-and-a-half years between the filing deadline and the time at which the application was filed, due in part to the disbarment of counsel. *Green*, 232 F.3d. at *1. The MSPB specifically noted the petitioner "waited from June of 1996 until January of 1997 before asking his attorney whether she had filed his petition for review," far longer than the six calendar days during which it is suggested Ms. Herring

could have acted. *Green v. Dep't of the Air Force*, 83 M.S.P.R. 333, 334 (1999), *aff'd*, 232 F.3d 912 (Fed. Cir. 2000). More significantly, the MSPB in *Green* also found that the petitioner, contrary to his assertion, had met with counsel two years before the petition was ultimately filed and was informed at that time of her disbarment. *Id.* In the present matter, Ms. Herring asserts she followed up by telephone with counsel six days before the filing was due, at which time it appeared matters were proceeding without issue.

Other cases cited by the MSPB are similarly distinguishable in that they involve much longer delays or greater fault on the part of the petitioner. For example, *Moore v. Department of Veterans Affairs* involved a delay of more than four years, during which period Moore consulted with counsel but nevertheless failed to file an appeal. 80 M.S.P.R. 268, 270 (1998). In *Link v. Wabash Railroad Co.*, the Supreme Court noted it "could reasonably be inferred from [the facts of the case] . . . that petitioner had been *deliberately proceeding in dilatory fashion*." 370 U.S. 626, 633 (1962) (emphasis added). In *Johnson v. Department of the Treasury*, the MSPB presiding official had made "repeated requests" for information that were not satisfactorily answered and "[t]wo prior continuances had been granted despite delayed or insufficient support." 721 F.2d 361, 364 (Fed. Cir. 1983). In *Sofio v. Internal Revenue Service*, both the appellant and her representative failed to appear at a scheduled hearing because the representative was ill, but the Regional Office was not notified in advance of the illness and no explanation was ever given for this failure. 7 M.S.P.R. 667, 668 (1981). Even then, the presiding official found good cause present, and only after a third postponement request did the presiding official decide to adjudicate the matter on the record without a hearing. *Id.* at 669.

This case contains no evidence of lengthy delay, dilatory conduct, repeated neglect, or unexplained non-

responsiveness. To the contrary, the record shows that immediately upon learning of the error, the consulting attorney filed Petitioner's appeal with the Board via facsimile the same day at 5:56 P.M. Pet'r's App. 36; *see also* Pet'r's Br. 8–9.

While previous cases have declined to find good cause even where the delay was short, these cases each contained some additional factor weighing against a finding of good cause. For example, only a four-day delay was at issue in *Rowe v. Merit Systems Protection Board*, where this court found good cause lacking. 802 F.2d 434 (Fed. Cir. 1986). Unlike the present case, however, where petitioner diligently communicated with her attorney and reasonably believed the appeal would be timely filed, in *Rowe* the petitioner made no efforts to ensure that his attorney would file within this period. *Id.* at 435 (noting the petitioner continued to insist the appeal "was not untimely" even though the deadline "had been specifically mentioned in his removal notice"). In *Phillips v. United States Postal Service*, the MSPB upheld a finding that the appellant had not shown good cause despite only a six-day delay, but the delay was due to the appellant's failure to correctly address materials to his attorney. 5 M.S.P.R. 339, 340 (1981). In *Lands v. Department of the Air Force*, the MSPB upheld a finding of no good cause despite only a single day of delay. 95 M.S.P.R. 593, 596 (2004). The sparse explanation for the lateness, however, was "oversight" on the part of the attorney. Moreover, the explanation was provided in an unsworn response even though "any explanation for the untimeliness of a petition for review that is not submitted in the form of an affidavit or a statement signed under penalty of perjury is insufficient to establish the assertions it contains." *Id.* at 595; *see also McAdory v. Dep't of Justice*, 6 M.S.P.R. 112 (1981) (upholding a finding of no good cause despite only a single day of delay due to attorney negligence, but noting that in addition to the late filing, no response was received to the

show cause letter). *Goldberg v. Department of Defense* involved similar circumstances to the present matter in that only a seven-day delay was at issue and the cause for the delay, in part, was that the attorney's office had misplaced the Board's order denying a ninety-day extension of the time to file. 39 M.S.P.R. 515, 517 (1989). In upholding a finding of no good cause, however, the Board noted that a copy of the order had also been mailed to the appellant. *Id.* at 518. Unlike the present case, there was no indication that the appellant had attempted to contact counsel following receipt of the order.

"To establish good cause for a filing delay, an appellant must show that the delay was excusable under the circumstances and that the appellant exercised due diligence in attempting to meet the filing deadline." *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003); *see also Dunbar v. Dep't of the Navy*, 43 M.S.P.R. 640, 643 (1990) ("To establish good cause, a party must show that due diligence or ordinary prudence was exercised under the particular circumstances of the case."). It is unclear from the record what a reasonable person in Ms. Herring's circumstances would have done that she did not do. This is not a case where the petitioner deliberately ignored a deadline due to the erroneous advice of counsel. *See Massingale v. Merit Sys. Prot. Bd.*, 736 F.2d 1521 (Fed. Cir. 1984) (upholding a finding of no good cause where petitioner, on the advice of counsel, initiated an arbitration proceeding rather than submitting an appeal to the agency, as the agency had indicated he must do). Nor is it a case where the petitioner repeatedly failed to communicate with the agency. *See Barnes v. Merit Sys. Prot. Bd.*, 566 F. App'x 909, 910 (Fed. Cir. 2014). In hindsight, it may be easy to construct a sequence of events that would have led to timely filing. Ms. Herring, however, had *no reason* to know that any additional steps were necessary.

To the extent any MSPB decision suggests attorney negligence can *never* constitute good cause,[2] even where the petitioner has exercised ordinary prudence under the circumstances and other mitigating factors are present, it is erroneous. A recent MSPB order finding good cause despite attorney negligence illustrates this point and provides a useful comparison to the present matter. In *Brink-Meissner v. Office of Personnel Management*, the petitioner missed a filing deadline by six days because the OPM's decision "was erroneously date stamped" by the attorney's support staff as being received in the attorney's office on September 4, 2013, when in fact it had been received on August 26, 2013. No. PH-844E-14-0077-I-1, 2014 WL 5361501, at *1 (M.S.P.B. Aug. 5, 2014). As in the present case, *see* Pet'r's Br. 6, 7, 13 and Pet'r's App. 37–38, Brink-Meissner communicated with her attorney several times in order to ensure the appeal would be timely filed, was assured by a staff member at the attorney's office the attorney would handle the matter, and had no reason to believe otherwise, *Brink-Meissner*, 2014 WL 5361501, at *2. The Board found under these circumstances, Brink-Meissner "[had] made the requisite showing under *Dunbar*," i.e., that "her diligent efforts to prosecute her appeal were thwarted, without her knowledge, by her attorney's deceptions and negligence." *Id.* at *1; *see also Crawford*, 60 M.S.P.R. at 446 (finding the attorney's negligence to have "misled and lulled" the appellant into believing the case was proceeding smoothly) (internal quotation marks and citation omitted).

---

[2] *See, e.g., Goldberg*, 39 M.S.P.R. at 518 ("Negligence on the part of an appellant or his attorney does not constitute good cause for a late filing, even though the filing may be late by only [one] day."); *Stromfeld v. Dep't of Justice*, 25 M.S.P.R. 240, 241 (1984) (same).

III. Prejudice

As this court has previously stated, "'[i]f the employee gives a reasonable excuse for the delay, such excuse should be accepted by the presiding official, absent a showing of substantial prejudice to the agency caused by the delay in filing.'" *Williamson v. Merit Sys. Prot. Bd.*, 334 F.3d 1058, 1064 (Fed. Cir. 2003) (quoting *Alonzo*, 4 M.S.P.R. at 184); *see also Primbs v. United States*, 4 Cl. Ct. 366, 370 (1984) ("'[A] serious . . . dereliction by an attorney, when unaccompanied by a similar default by the client, may furnish a basis for relief [from a dismissal] under Rule 60(b)(6). That is the more so where, as apparently here, little if any prejudice has befallen the other party to the litigation.'") (quoting *Jackson v. Wash. Monthly Co.*, 569 F.2d 119, 122 (D.C. Cir. 1977)). The MSPB has not asserted the ten-day delay caused it *any* prejudice.

IV. Retirement Benefits Claims versus Other Claims

In her brief, Ms. Herring asserts "the Board summarily dismisses in a footnote Petitioner's argument regarding the long-recognized, less-stringent application of the *Alonzo* principle in the context of retirement matters." Pet'r's Br. 20. Some precedent supports this assertion. In *Edney v. Office of Personnel Management*, 79 M.S.P.R. 60, 62 (1998), the Board reinstated petitioner's appeal despite "the errors of her chosen representative," in part because "a retirement case . . . is substantively different from the nature of an adverse action appeal." The Board explained:

> In a discipline or removal case, it can be said that an expedient response to an appeal enables the agency to move forward with the management of its programs and its workforce. However, in an appeal related to a retirement decision made by OPM, there is no such agency need for finality to compete with the right of an appellant to a deci-

sion on the merits. . . . [A]ny doubt as to whether the Board should reopen the appeal for an adjudication of its merits should be resolved in favor of the appellant, even more so than in a disciplinary appeal.

*Id.*

Nor is *Edney* alone in referencing a more lenient standard with respect to retirement claims. *See, e.g., Kjeldsen v. Office of Pers. Mgmt.*, No. CH-831M-07-0395-I-4, 2012 WL 11881230, **at** *2 (M.S.P.B. Mar. 28, 2012) ("[I]t is true that the Board has made a distinction between retirement cases and adverse actions in determining whether to find good cause for an untimely filing."); *Lamb v. Office of Pers. Mgmt.*, 110 M.S.P.R. 415, 419 (2009) ("Retirement cases are not adversarial proceedings in the sense that adverse actions are, and thus any doubt as to whether the Board should waive the filing deadline for an adjudication on the merits should be resolved in favor of the appellant.") (internal quotation marks and citation omitted); *Matson v. Office of Pers. Mgmt.*, 105 M.S.P.R. 547, 552 (2007) ("The Board has recognized that appeals involving an appellant's entitlement to retirement benefits are fundamentally different from other types of appeals within its jurisdiction."); *see also Karker v. Office of Pers. Mgmt.*, 80 M.S.P.R. 235, 240 (1998) (finding "good cause to waive a filing deadline because the Board has placed a high priority on resolving retirement benefits cases on the merits").

The Board's failure to consider a factor it has previously treated as significant contributes to this court's conclusion that the MSPB abused its discretion in its disposition of Ms. Herring's petition. *See Webster v. Dep't of the Army*, 911 F.2d 679, 694 (Fed. Cir. 1991) ("Failure to consider a relevant factor constitutes an abuse of discretion."); *see also VanFossen v. Dep't of Hous. & Urban Dev.*, 748 F.2d 1579, 1581 (Fed. Cir. 1984)

("[F]ailure to consider a significant mitigating circumstance constitutes an abuse of discretion."). If the Board found this factor to be unimportant or unpersuasive in the present case, it should have articulated its reasoning. *Cf. Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 484 (5th Cir. 2002) ("It is well settled that, to conduct our review [under the abuse of discretion standard], we must be able to understand the district court's disposition of the sanctions motion.").

## CONCLUSION

For the reasons stated above, the judgment is

**REVERSED**

# United States Court of Appeals for the Federal Circuit

---

**RAMONA GILL HERRING,**
*Petitioner*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2013-3170

---

Petition for review of the Merit Systems Protection Board in No. DC844E120778-I-1.

---

REYNA, *Circuit Judge, dissenting.*

This is an unremarkable case that involves a law firm's failure to make a timely filing on behalf of its client. As a result of the missed deadline, Ms. Herring's appeal to the Merit Systems Protection Board ("Board" or "MSPB") for reconsideration of denial of her application for disability retirement benefits was dismissed. The Board considered whether good cause existed for the failure to meet the deadline and found none. The majority reverses the Board's good cause determination, and further finds that the Board abused its discretion for failure to reach two other issues. For the following reasons, *I dissent*.

MSPB regulations provide that an appeal will be dismissed as untimely filed "unless a good reason for the

delay is shown." 5 C.F.R. § 1201.22(c) (2012). The Board may waive the time limit and accept an untimely filing where it determines, upon consideration of all of the facts and circumstances, that good reason exists for the delay. *Id.* § 1201.22. This court has held that the decision whether to waive an applicable time limit is committed to the Board's discretion and that this court will not substitute its judgment for that of the Board. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc) (collecting cases). A Board decision not to grant a waiver will be reversed only upon a showing that the Board decision was an abuse of its discretion. 5 U.S.C. § 7703(c).

The majority finds that the "unusual" facts in this case render the Board's decision not to waive the time limit an abuse of its discretion. Maj. Op. at 5. In addition, the majority holds that the Board abused its discretion by failing to assert the extent of prejudice it would suffer were a waiver to be granted and by failing to extend leniency to Ms. Herring on grounds that this case involves retirement benefits. I address each in turn.

I. GOOD CAUSE

There is nothing unusual here. This is a case where a client hires a law firm to take its appeal and the law firm fails to file the appeal on time. There is no controversy surrounding whether an attorney-client relationship existed between Ms. Herring and the law firm. The record is clear that the circumstances leading to the untimely filing were solely related to the attorneys' failure to file on time.[1] The majority correctly states that

---

[1] Ms. Herring's attorney conceded during oral argument that the filing deadline was missed due to negligence by the firm. Oral Argument Hearing Tr. at 4:51-

there are no extraordinary circumstances attributable to Ms. Herring that account for the delay. Maj. Op. at 8-9. The six day length of delay is unremarkable, and there are no extraordinary facts attributable to the MSPB or the law firm that account for the delay. In my view, the Board reviewed all relevant facts in this case in reaching its decision not to grant a waiver. I see no basis for faulting the Board for abuse of its discretion.

The majority, however, makes an independent review of the facts, and substitutes its factual judgment for that of the Board. First, it faults the Board for not "systematically" applying the numerous *Alonzo* criteria. I find no authority that mandates a good cause determination to be made based on all *Alonzo* criteria.

Second, the majority finds that the Board abused its discretion by failing to consider Ms. Herring's "relevant physical and psychological conditions." Maj. Op. at 6. While the record contains statements of Ms. Herring's medical conditions, those statements relate only to the nature of Ms. Herring's underlying disability claim. I find nothing in the record indicating any "relevance" of Ms. Herring's medical condition to the issue of the delay. Indeed, neither party raised or argued the relevancy of Ms. Herring's medical conditions and, as noted above, the majority was correct that there are no extraordinary circumstances attributable to Ms. Herring that account for the delay. The Board therefore, did not abuse its discretion in failing to consider Ms. Herring's medical conditions as a factor to the issue of delay.

Third, the majority sums up its review of circumstances in this case:

---

5:04, *available at* United States Court of Appeals for the Federal Circuit website, http://cafc.uscourts.gov/.

> These circumstances, taken together, indicate the actions and inactions of Ms. Herring's law firm "were misleading and deceptive in effect" and "'misled and lulled'" Ms. Herring "'into believing th[e] case was proceeding smoothly.'" *Crawford v. Dep't of State*, 60 M.S.P.R. 441, 446 (1994) (quoting *Dabbs v. Dep't of Veterans Affairs*, 56 M.S.P.R. 57, 60 (1992)).

Maj. Op. at 6 (brackets original). This statement constitutes a significant, distinct factual finding by the majority. Yet, the evidence is that the missed deadline was caused by a failure of communication within the firm's multiple offices. There is no evidence of any action on the part of the firm as deceiving or misleading, intended or otherwise. I find no legal support or factual basis for this holding.

## II. PREJUDICE AND LENIENCY

In addition, the majority finds that the Board abused its discretion because it failed to address the extent of prejudice it would suffer should waiver be granted, and because the Board did not apply or articulate a more lenient good cause standard in this case on the basis that leniency is "a factor it has previously treated as significant" in other instances.

In the cases cited by the majority, prejudice and leniency are considered only after good excuse of the delay was established. In addition, the cases cited involve circumstances beyond the missed deadline facts of this case. *See Williamson v. Merit Sys. Prot. Bd.*, 334 F.3d 1058, 1064 (Fed. Cir. 2003) ("there are at least three documents that, taken together, are sufficient to constitute preponderant evidence that Williamson's appeal was filed on [the deadline]"); *Primbs v. United States*, 4 Cl. Ct. 366, 370 (1984) (where there was a dereliction of duty by an attorney and dismissal under Rule 60(b)(6)). Such circumstances are not present in the instant appeal. As a

result, the majority appears to elevate both prejudice and leniency as factors that alone may establish good cause, a proposition I do not accept.

This case is a simple matter of a law firm missing a filing deadline that has placed its client at risk of losing her retirement benefits. There are no excuses proffered, reasonable or otherwise, for missing the deadline. The Board fully reviewed the facts in its decision that good cause has not been shown. Because I find no reason to disturb that determination, I *dissent*.